ORAL ARGUMENT NOT SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS, <br><br> *Petitioners (No. 24-1178)*, <br><br> THE ETHYLENE OXIDE STERILIZATION ASSOCIATION, INC., <br><br> *Petitioner (No. 24-1180)*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency, <br><br> *Respondents*. | No. 24-1178 <br> (Consolidated with 24-1180) |

## STATUS REPORT

Respondents United States Environmental Protection Agency and Lee Zeldin, Administrator of the United States Environmental Protection Agency, report the status of this action as follows:

1. Petitioners in this consolidated matter seek review of EPA's final rule entitled, "National Emission Standards for Hazardous Air Pollutants: Ethylene Oxide Emissions Standards for Sterilization Facilities Residual Risk and Technology Review," 89 Fed. Reg. 24090 (Apr. 5, 2024) ("2024 Rule").

2. Petitioners challenge various aspects of the 2024 Rule, including EPA's decision to conduct a second residual risk review under Clean Air Act Section 112(f)(2), 42 U.S.C. § 7412(f)(2), certain standards that EPA promulgated under Clean Air Act Sections 112(d)(6) and 112(f)(2), 42 U.S.C. § 7412(d)(6), (f)(2), and EPA's decisions regarding compliance deadlines as well as the exemption from permitting requirements under Title V of the Clean Air Act.

3. On March 25, 2025, EPA moved for voluntary remand of this matter or, in the alternative, for this Court to hold all proceedings in abeyance with status reports from EPA due every 90 days. Doc. 2107574.

4. In support of its request, EPA submitted its March 21, 2025 letter to the Ethylene Oxide Sterilization Association, which advised that EPA is reconsidering the 2024 Rule. Doc. 2107574, Ex. A. EPA's letter advised that the issues it is reconsidering include but are not limited to "EPA's authority and decision to undertake a second residual risk review under Clean Air Act (CAA) section 112(f)(2), the analysis and determinations made in that review, and the resulting risk standards," "[t]he standards promulgated pursuant to CAA section

2

112(d)(6)," and "[t]he requirement to demonstrate compliance using a continuous emission monitoring system." *Id.*

5.   EPA advised that it "intends to issue a proposed rule seeking public comment on the issues it is reconsidering and related proposed changes to the rule" and that it "expects to take final action by March 2026." *Id.*

6.   On April 1, 2025, this Court granted EPA's motion in part, ordering that the consolidated cases be held in abeyance pending further order of the Court. Doc. 2108836.  The Court further ordered that EPA file a status report on June 30, 2025, and at 90-day intervals thereafter.  *Id.*

7.   As of the date of this report, EPA is still reconsidering the issues outlined in its March 21, 2025, letter and is working towards the development of a proposal.

//

//

Respectfully submitted,

*s/ Alexander M. Purpuro*
ALEXANDER M. PURPURO
  Environmental Defense Section
  Environment & Natural Resources
  Division
  U.S. Department of Justice
  P.O. Box 7611
  Washington, D.C. 20044
  Tel: (202) 514-9771
  Fax: (202) 514-8865
  Alexander.Purpuro@usdoj.gov

*Counsel for Respondents*

Dated: June 30, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify I filed the foregoing Status Report with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF System.

DATED: June 30, 2025                                  */s/ Alexander M. Purpuro*

                                                                            ALEXANDER M. PURPURO

*Counsel for Respondents*