# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## AGENCY DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 24-1178    2. DATE DOCKETED: 6/4/2024
3. CASE NAME (lead parties only) California Communities Against v. U.S. Environmental Protection Agency
4. TYPE OF CASE: ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes ☉ No
   If YES, cite statute
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: U.S. Environmental Protection Agency
   b. Give agency docket or order number(s): EPA-HQ-OAR-2019-0178; 89 Fed. Reg. 24,090
   c. Give date(s) of order(s): April 5, 2024
   d. Has a request for rehearing or reconsideration been filed at the agency? ☐ Yes ☉ No
      If so, when was it filled?    By whom?
      Has the agency acted? ☐ Yes ☐ No If so, when?
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      See attachment.
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☉ Yes ☐ No If YES, identify case name(s), docket number(s), and court(s)
      D.C. Cir. No. 24-1180
   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☐ Yes ☉ No If YES, give case name(s) and number(s) of these cases and identify court/agency:
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☐ Yes ☉ No If YES, provide program name and participation dates.

Signature /s/ Marvin C. Brown IV    Date July 3, 2024
Name of Counsel for Appellant/Petitioner Marvin C. Brown IV
Address Earthjustice, 1001 G Street NW, Suite 1000, Washington, DC 20001
E-Mail mcbrown@earthjustice.org    Phone ( 202 ) 794-5355    Fax ( ) -

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement.

USCA Form 41
August 2009 (REVISED)

## ATTACHMENT TO AGENCY DOCKETING STATEMENT
## California Communities Against Toxics et al. v. EPA, No. 24-1178

6.e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):

Petitioners California Communities Against Toxics, Clean Power Lake County, Comité Diálogo Ambiental, Rio Grande International Study Center, Sierra Club, and Union of Concerned Scientists seek review of the United States Environmental Protection Agency's final agency action, titled "National Emission Standards for Hazardous Air Pollutants: Ethylene Oxide Emissions Standards for Sterilization Facilities Residual Risk and Technology Review," 89 Fed. Reg. 24,090 (Apr. 5, 2024) ("Final Sterilizer Rule").

Petitioners are nonprofit environmental groups dedicated to protecting communities from toxic air pollution—like ethylene oxide emitted from commercial sterilization facilities—through education, advocacy, and the use of science. Their members live, work, study, and recreate near sources regulated under the Final Sterilizer Rule, and their members are exposed to the ethylene oxide emitted from these sources, which threatens their health. Petitioners' members are further harmed by this pollution as it impairs their ability to engage in and diminishes their enjoyment of various activities that are important to their quality of life.

The Final Sterilizer Rule injures Petitioners by illegally and arbitrarily prolonging their members' exposure to toxic emissions of ethylene oxide and, by refusing to require additional ambient monitoring or to require commercial sterilization facilities to obtain permits under Title V of the Clean Air Act, denies them access to pertinent information about the danger posed by the commercial sterilization facilities in their neighborhoods. A favorable judicial ruling will redress these injuries.