**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS, *Petitioners (No. 24-1178)*, THE ETHYLENE OXIDE STERILIZATION ASSOCIATION, INC., *Petitioner (No. 24-1180)*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN,[1] Administrator, U.S. Environmental Protection Agency, *Respondents*. | No. 24-1178 (Consolidated with 24-1180) |

**RESPONDENTS' MOTION FOR 60 DAY ABEYANCE**

---

[1] Lee Zeldin is substituted for his predecessor under Fed. R. App. P. 43(c)(2).

Respondents United States Environmental Protection, et al., ("EPA") respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the underlying action on review.

1.  Petitioners seek review of an EPA action titled "National Emission Standards for Hazardous Air Pollutants: Ethylene Oxide Emissions Standards for Sterilization Facilities Residual Risk and Technology Review," 89 Fed. Reg. 24090 (Apr. 5, 2024).

2.  As the Court is aware, a new presidential administration took office on January 20, 2025. EPA needs time to brief new administration officials about this case and the underlying action and to allow them to decide what action, if any, is necessary.

3.  To undertake that review, EPA requests that the Court abate proceedings for 60 days.

4.  This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis v. N. Am. Co.*, 299 US. 248, 256 (1936).

5.  Abeyance is warranted here because courts have recognized that agencies may review and, if appropriate, revise their past actions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983)

("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts have granted abeyance like the one requested here. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

---

[2] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

7.  Abeyance would preserve resources of the parties and the Court. EPA could take further action that might obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8.  Counsel for Respondents conferred with counsel for Petitioners. Petitioner Ethylene Oxide Sterilization Association, Inc., does not oppose this motion. Petitioners California Communities Against Toxics, et al., oppose this motion.

9.  For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the end of that period.

Dated: February 18, 2025          Respectfully submitted,

LISA LYNNE RUSSELL
Deputy Assistant Attorney General

/s/ Jeffrey Hammons
JEFFREY HAMMONS
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044
(202) 598-6925
Jeffrey.Hammons@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 542 words, excluding those parts exempted by Rule 32(f).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font.

                                              /s/ *Jeffrey Hammons*
                                              JEFFREY HAMMONS

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                              /s/ *Jeffrey Hammons*
                                              JEFFREY HAMMONS