ORAL ARGUMENT SCHEDULED FOR APRIL 15, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS, <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator, U.S. Environmental Protection Agency, <br><br> *Respondents*. | No. 24-1178 <br> (Consolidated with 24-1180) |

**ENVIRONMENTAL AND COMMUNITY GROUP PETITIONERS' OPPOSITION TO EPA'S MOTION FOR 60 DAY ABEYANCE**

Petitioners California Communities Against Toxics, Clean Power Lake County, Comité Diálogo Ambiental, Rio Grande International Study Center, Sierra Club, and Union of Concerned Scientists ("Environmental and Community Group Petitioners") oppose the request of Respondents U.S. Environmental Protection Agency and Administrator Lee Zeldin (collectively "EPA") for a 60-day

abeyance.[1] As Environmental and Community Group Petitioners have explained, it is very important that this case be argued this spring so they have the chance to avert serious harm to their members flowing from commercial sterilizers' unabated emission of ethylene oxide, a carcinogenic hazardous air pollutant. Oral argument is now scheduled for April 15, and EPA's requested abeyance would thus prejudice Environmental and Community Group Petitioners. ECF #2102103. Accordingly, as explained below, EPA's Motion fails to demonstrate "extraordinary cause" that outweighs Environmental and Community Groups' "competing interests," as binding precedent and this Court's rules require. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward."); D.C. Cir. R. 34(g) ("When a case has been set for oral argument," it may only be stayed "by order of the court upon a motion evidencing extraordinary cause for a continuance.").

EPA's requested delay would significantly prejudice Environmental and Community Groups' members who breathe ethylene oxide emissions from commercial sterilization facilities daily. ECF #2102450 at 22. EPA has already found that for people living near 23 of these facilities, like Environmental and Community Groups' members, the "lifetime cancer risks" from breathing in

---

[1] As Respondent-Intervenors, Environmental and Community Group take no position on EPA's request in No. 24-1180.

2

commercial sterilizers' ethylene oxide emissions are "exceptionally high." 89 Fed. Reg. 24,090, 24,091. As a result, prompt resolution of this case is important for Environmental and Community Group Petitioners because they challenge EPA's illegal compliance waiver under section 112(f)(4) of the Clean Air Act, which has allowed commercial sterilization facilities to continue emitting ethylene oxide at dangerous levels without any assurance that "steps will be taken during the period of the waiver to assure that the health of persons will be protected from imminent endangerment." 42 U.S.C. § 7412(f)(4).

As the completed briefing illustrates, that issue presents alternative readings of the Clean Air Act and is ripe for this Court's decision. *Compare* ECF #2102450 at 24-29 (Environmental and Community Group Petitioners' presentation in opening brief of plain text reading of § 7412(f)(4)), *and* ECF #2102458 at 3-5, 8-9 (same, in Environmental and Community Group Petitioners' reply brief), *with* ECF #2102382 at 56 (EPA's presentation of its lawyers' interpretation of § 7412(f)(4)). After the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), resolution of this statutory question is for this Court, not the agency.

All parties, including EPA, have already acknowledged the importance of a timely decision in this case. Last year, all parties "agree[d] on the importance of expeditiously briefing this complex litigation" and sought "to promptly set a

3

schedule that allow[ed] for sufficient time to prepare their briefs, while allowing for oral argument to be scheduled next spring." ECF#2070501, at 2. The parties have now arrived at the moment where the case is fully briefed, and an oral argument has been scheduled to take place soon. EPA's desire to "brief new administration officials about this case" does not outweigh the continued health harms to Environmental and Community Group Petitioners that would result from an abeyance. ECF #2101209 at 2. For these reasons, this Court should reject EPA's request for a 60-day abeyance of this case and instead keep Environmental and Community Group Petitioners' case proceeding expeditiously.

Dated: February 27, 2025

Respectfully submitted,

*/s/ Marvin C. Brown IV*
Marvin C. Brown IV
Lillian Zhou
Seth L. Johnson
Earthjustice
1001 G Street, NW
Suite 1000
Washington, DC 20001
(202) 667-4500
mcbrown@earthjustice.org
lzhou@earthjustice.org
sjohnson@earthjustice.org

*Counsel for California Communities Against Toxics, Clean Power Lake County, Comité Diálogo Ambiental, Rio Grande International Study Center, Sierra Club, and Union of Concerned Scientists*

4

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Counsel hereby certifies, in accordance with Federal Rules of Appellate Procedure 32(g)(1) and 27(d)(2)(A), that the foregoing **Environmental and Community Group Petitioners' Opposition to EPA's Motion for 60 Day Abeyance** contains 614 words, as counted by counsel's word processing system, and thus complies with the 5,200 word limit.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because this document has been prepared in a proportionally spaced typeface using **Microsoft Word 365** using **size 14 Times New Roman** font.

*/s/ Marvin C. Brown IV*
Marvin C. Brown IV
