IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | No. 24-1178<br>(Consolidated with 24-1180) |

**ENVIRONMENTAL AND COMMUNITY GROUP PETITIONERS'
OPPOSITION TO EPA'S MOTION FOR REMAND AND ABEYANCE**

This Court should neither remand nor hold in abeyance Environmental and Community Group Petitioners' challenge, No. 24-1178, to EPA's 2024 Commercial Sterilizer Rule (the "Rule").[1] Rather, it should proceed to argument

---

[1] Regarding EOSA's challenge (24-1180) to the Rule, Environmental Respondent-Intervenors take no position on EPA's motion for a remand and to hold that case in

and decide this petition on the merits. Even with EPA's motion and currently anticipated reconsideration of the Rule, the issues in Environmental and Community Group Petitioners' challenge remain fully live, and withholding a decision on them would severely prejudice Environmental and Community Group Petitioners. *See Sierra Club v. DOT*, 125 F.4th 1170, 1180 (D.C. Cir. 2025) ("We have rejected the notion that an agency can stave off judicial review of a challenged rule simply by initiating a new proposed rulemaking that would amend the rule in a significant way, because if that were true, a savvy agency could perpetually dodge review.") (cleaned up).

As Environmental and Community Group Petitioners explained in their opposition to EPA's first motion to hold this case in abeyance, at stake in this case is "serious harm to their members flowing from commercial sterilizers' unabated emission of ethylene oxide, a carcinogenic hazardous air pollutant," ECF #2103159 at 2—emissions that result in cancer risks that EPA itself admits could be "<u>80 times higher</u> than what EPA normally considers acceptable." EPA Br. 20 (emphasis in original). Accordingly, Environmental and Community Group Petitioners have raised two issues for this Court's review: (1) EPA's illegal two-

---

abeyance. *See, e.g.*, *Util. Solid Waste Activities Grp. v. EPA* ("*USWAG*"), 901 F.3d 414, 438 (D.C. Cir. 2018) (deciding issues raised by environmental petitioners, but remanding issues raised by industry petitioners).

year waiver of the compliance deadline in 112(f)(4) of the Clean Air Act, and (2) EPA's arbitrary and capricious decision to not require Title V permits for synthetic and natural area source commercial sterilizer facilities, which make up the entire source category.

Neither EPA's motion nor its anticipated timeline for action undermines the urgency of resolving these issues on the merits now. As EPA admits in its motion, even with a voluntary remand, the Rule will remain in effect and the compliance deadline for residual risk standards will still be in April 2026. *See* ECF#2107574 at 11 ("EPA is mindful of compliance deadlines in April 2026, and EPA intends to work expeditiously to complete the reconsideration process and publish a final rule by March 2026 before any compliance deadlines take effect."). Thus, even under EPA's preferred outcome, the harms experienced by Environmental and Community Group Petitioners—breathing in unabated ethylene oxide emissions—will continue. *See, e.g., Chlorine Chem. Council v. EPA*, 206 F.3d 1286, 1288 (D.C. Cir. 2000) (declining to grant EPA's motion for voluntary remand when the rule at issue would have remained effective and "would have left petitioners subject to a rule they claimed was invalid.").

Furthermore, on neither issue has EPA stated that it intends to take any action to remedy Environmental Petitioners' claims. *See* ECF#2107574 at 2-3 (indicating intention to reconsider aspects of the rule challenged by Industry

Petitioners). In these circumstances, remanding the Rule or granting an abeyance without addressing Environmental and Community Group Petitioners' claims would unduly prejudice them and deprive them of this opportunity to vindicate their rights. *See USWAG*, 901 F.3d at 436 ("In deciding a motion to remand, we consider whether remand would unduly prejudice the non-moving party.").

As a result, EPA's motion once again fails to demonstrate "extraordinary cause" that outweighs Environmental and Community Group Petitioners' "competing interests," as binding precedent and this Court's rules require. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward."); D.C. Cir. R. 34(g) ("When a case has been set for oral argument," it may only be stayed "by order of the court upon a motion evidencing extraordinary cause for a continuance."). Because a remand would harm Environmental and Community Group Petitioners who must continue to breathe unsafe levels of ethylene oxide pending the remand, this Court should reject EPA's request.

Dated: March 31, 2025

Respectfully submitted,

*/s/ Marvin C. Brown IV*
Marvin C. Brown IV
Lillian Zhou
Seth L. Johnson
Earthjustice
1001 G Street, NW

4

Suite 1000
Washington, DC 20001
(202) 667-4500
mcbrown@earthjustice.org
lzhou@earthjustice.org
sjohnson@earthjustice.org

*Counsel for California Communities Against Toxics, Clean Power Lake County, Comité Diálogo Ambiental, Rio Grande International Study Center, Sierra Club, and Union of Concerned Scientists*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Counsel hereby certifies, in accordance with Federal Rules of Appellate Procedure 32(g)(1) and 27(d)(2)(A), that the foregoing **Environmental and Community Group Petitioners' Opposition to EPA's Motion for Remand and Abeyance** contains 703 words, as counted by counsel's word processing system, and thus complies with the 5,200 word limit.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because this document has been prepared in a proportionally spaced typeface using **Microsoft Word 365** using **size 14 Times New Roman** font.

*/s/ Marvin C. Brown IV*
Marvin C. Brown IV
