# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | No. 24-1178<br>(Consolidated with 24-1180) |

## EOSA'S RESPONSE IN SUPPORT OF
## EPA'S MOTION FOR VOLUNTARY REMAND AND RENEWED
## MOTION TO HOLD CASE IN ABEYANCE

## TABLE OF CONTENTS

ARGUMENT ........................................................................................... 1

I. Any opinion would be advisory. ...................................................... 1

II. No party opposes remand and abeyance of EOSA's petition, and it makes no sense to proceed with only the record-specific issues raised by Environmental Petitioners ........................................................................................... 4

III. Declining to decide where EPA has announced an intent to reconsider and take further action is the normal course. ............................................................................. 6

CONCLUSION ...................................................................................... 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska v. USDA*,
  17 F.4th 1224 (D.C. Cir. 2021) ........................................................ 3, 7

*Cal. Cmtys. Against Toxics v. EPA*,
  688 F.3d 989 (9th Cir. 2012) ................................................................ 8

*Lissack v. Comm'r of Internal Revenue*,
  125 F.4th 245 (D.C. Cir. 2025) ............................................................ 2

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024) ........................................................................ 2, 7

*Nat'l Parks Conservation Ass'n v. EPA*,
  803 F.3d 151 (3d Cir. 2015) ................................................................. 8

*Nat'l Wildlife Fed'n v. Hodel*,
  839 F.2d 694 (D.C. Cir. 1988) ......................................................... 4, 6

*National Association for Surface Finishing v. EPA*,
  795 F.3d 1 (D.C. Cir. 2015), and EPA ................................................. 1

*Rural Coal. v. EPA*,
  No. 20-73220, Dkt. 31 (Dec. 14, 2021) (9th Cir.) ................................ 8

*Skidmore v. Swift & Co.*,
  323 U.S. 134 (1944) .............................................................................. 2

*West Virginia v. EPA*,
  No. 15-1363, Doc. #1673071 (Apr. 28, 2017) & Doc.
  #1687838 (Aug. 8, 2017) ..................................................................... 7

**Statutes**

42 U.S.C. § 7412 ............................................................................. 3, 5

42 U.S.C. § 7412(d) ............................................................................ 3

42 U.S.C. § 7412(f) ............................................................................. 3

42 U.S.C. § 7412(f)(2) ......................................................................... 1

Petitioner (No. 24-1180) and Intervenor-Respondent (No. 24-1178) The Ethylene Oxide Sterilization Association, Inc. ("EOSA") hereby responds in support of EPA's Motion for Voluntary Remand and Renewed Motion to Hold Case in Abeyance (Doc. 2107574, "Remand Mot.").

**ARGUMENT**

EOSA consents to EPA's Remand Motion, but responds separately to highlight three reasons why remand and abeyance is the right course given EPA's decision to reconsider the Rule and commitment to take new final action within a year.

## I. Any opinion would be advisory.

First, EPA's reconsideration of the Sterilizer Rule is likely to moot both the statutory and record issues raised by EOSA and the Environmental Group Petitioners, and a decision before EPA completes reconsideration and takes a new final action would be advisory.

In the Sterilizer Rule, EPA—for the first time ever—conducted a second round of "risk review" under Clean Air Act ("CAA") Section 112(f)(2), 42 U.S.C. § 7412(f)(2). This Court previously described that provision as authorizing a "one-time 'risk review,'" *National Association for Surface Finishing v. EPA*, 795 F.3d 1, 5 (D.C. Cir. 2015), and EPA

1

had never before conducted a second risk review for any source category. Upon reconsideration, EPA may conclude that it does not have such authority. Or, EPA might continue to assert that it has such authority, but decline to exercise that authority for various reasons.[1] EOSA's challenge to EPA's interpretation of CAA Section 112(f) thus could be mooted by the ongoing reconsideration process due to *either* a changed interpretation of the statute *or* EPA's exercise of regulatory restraint. The Court should not reach out to decide this novel issue where doing so may be unnecessary. And even if the issue remained live after EPA's reconsideration rulemaking, the Court's analysis of it would be better informed by further agency consideration.[2]

---

[1] For example, EOSA explained that risk review standards should only be set after technology review standards have been in place so that EPA can assess whether and to what extent risks remain. EOSA Op. Brief (Doc. 2102415) at 23, 31.

[2] *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), does not change this. As EPA explains (Remand Mot. 9-10), the Supreme Court was clear that an agency's interpretation still merits consideration. *See also Lissack v. Comm'r of Internal Revenue*, 125 F.4th 245, 259 (D.C. Cir. 2025) (considering IRS statutory analysis for its "persuasive value" and noting that agency interpretations still "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance'") (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). *Loper Bright* thus should not be interpreted as giving courts a roving license to decide statutory interpretation questions that the agency has not finished assessing. EPA must be

Most other issues raised in this case are record-based and should not be decided where the record is likely to change pursuant to the reconsideration process. For example, EOSA also challenges the Rule's emission standards (those set under both Sections 112(f) and 112(d)) as unsupported by record data. EOSA further challenges EPA's decision to require the installation of continuous emissions monitoring systems ("CEMS") to show compliance with those standards on both record and procedural grounds, including because EPA did not provide fair notice that it might impose the CEMS monitoring regime it adopted. There is no reason for the Court to proceed to decide the soundness of EPA's selection of standards and compliance mechanisms when both may change on reconsideration, and both the process and the record supporting a revised decision are likely to be different.

A decision on any of these issues now that EPA has committed to reconsidering them and issuing a new action would be advisory, and thus improper. *See Alaska v. USDA*, 17 F.4th 1224, 1226-27 (D.C. Cir. 2021) (explaining that it would be inappropriate for the court to issue an advisory opinion to guide the agency where claims were otherwise

---

given the opportunity to present its full and final view of Section 112 and persuade the Court it is correct.

moot due to further action); *Nat'l Wildlife Fed'n v. Hodel*, 839 F.2d 694, 742 (D.C. Cir. 1988) (opining, where agency had "announced [its] intent to propose new regulations" but petitioners still sought review: "It would be entirely inappropriate for this court to do as Industry suggests and issue an advisory opinion to guide the Secretary's rulemaking.").

The Court should accordingly grant EPA's remand motion and hold the case in abeyance pending further agency action, which EPA has committed to finalizing within a year.

II. **No party opposes remand and abeyance of EOSA's petition, and it makes no sense to proceed with only the record-specific issues raised by Environmental Petitioners.**

Notably, Environmental Petitioners take no position on—and thus do not oppose—remand and abeyance in the petition filed by EOSA (No. 24-1180). Remand Mot. at 3. There is accordingly no reason for the Court to do otherwise than remand and hold that case in abeyance. That course will allow EPA to conclude its ongoing reconsideration process, while protecting EOSA's interests by keeping this case in place until the Sterilizer Rule is revised, rescinded, or replaced.

Environmental Petitioners do oppose remand and abeyance of their own petition for review (No. 21-1178), Remand Mot. at 3, in which

4

EOSA is Intervenor-Respondent. While EOSA defers to the Court regarding that petition, it submits that the better course is to remand the Rule in full and hold both cases in abeyance given that EPA is reconsidering all aspects of the Rule and the issues raised by Environmental Petitioners are also likely to be mooted—or if not, they will have to assessed based on a different record.

Environmental Petitioners challenge (1) EPA's decision not to require regulated sources to obtain Title V permits to collect the CAA standards applicable to them, and (2) EPA's grant of a two-year compliance waiver for the standards set under Section 112(f). *See* Doc. 2102450 (Envt'l Pet'rs' Final Br.). The first of those issues is dependent in large part on the specific standards set by EPA under Section 112 (the only applicable CAA standards for these sources), and whether there is more burden than benefit to "collecting" those standards in a Title V permit. *See* EOSA Int.-Resp. Br. at 24-38. Neither EPA nor the Court can decide whether there is good reason to require Title V permitting to "collect" applicable CAA standards until EPA concludes what CAA standards will apply to these sources. This is thus yet

another record-bound issue that should not be assessed until EPA has concluded reconsideration and taken new action.

Similarly, the question of whether the record supports EPA's two-year extension of the compliance period for Section 112(f) standards (*see* EOSA Int.-Resp. Br. at 11-23) logically cannot be assessed where those standards remain up in the air. And it may never need to be assessed if, on reconsideration, EPA decides to rescind the risk-based standards. Again, it would be "entirely inappropriate" for the Court to decide issues that the ongoing agency process may obviate. *Hodel*, 839 F.2d at 742.

### III. Declining to decide where EPA has announced an intent to reconsider and take further action is the normal course.

Finally, by remanding and holding this case in abeyance, this Court would be following its usual course of declining to press forward where EPA has announced that it is reconsidering a prior action, whether because of a change in administration or for some other reason.

There is nothing new, abnormal, or unusual about an agency requesting, and the Court granting, an abeyance (with or without a remand) where the agency has announced that it will review its prior decision and take further action. That is this Court's consistent practice both before and after *Loper Bright*. For instance:

- After Final Briefs were filed in *Utah v. EPA*, this Court remanded the record for EPA's "Good Neighbor Plan" addressing national ambient air quality standards for ozone and held the case in abeyance until "after completion of the proceedings on remand[.]" No. 23-1157, Doc. #2074472 (Sept. 12, 2024).

- Several years prior, this Court stayed, "[a]fter briefing but before oral argument," the appeal of Alaska's challenge to the "Roadless Rule" after the Department of Agriculture granted a request to conduct further rulemaking to determine whether the Tongass National Forest should be exempt. *Alaska*, 17 F.4th at 1226.

- Several years before that, when EPA announced that it was reconsidering the CAA Section 111 Clean Power Plan, this Court granted EPA's request to hold the consolidated cases challenging that action in abeyance over many parties' objections, and the Court thereafter continued the abeyance until EPA took new action. *See West Virginia v. EPA*, No. 15-1363, Doc. #1673071 (Apr. 28, 2017) & Doc. #1687838 (Aug. 8, 2017). The Court did so even though the case had been fully briefed and argued before the *en banc* court.

Other circuit courts follow the same course where EPA has decided to reconsider some or all of a challenged action. *See, e.g.*, *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (explaining that granting remand of a challenged agency action is proper when the agency seeks to "reconsider its initial action"); *Rural Coal. v. EPA*, No. 20-73220, Dkt. 31 (Dec. 14, 2021) (9th Cir.) (order granting, over petitioners' opposition, partial remand and holding case in abeyance while EPA further assessed a technical issue); *Nat'l Parks Conservation Ass'n v. EPA*, 803 F.3d 151, 157 (3d Cir. 2015) (voluntary remand was granted to allow EPA to further consider and address comments in record, resulting in new action).

As the cases cited above show, this and other circuit courts have not always been consistent in determining whether abeyance, remand,[3] or both are appropriate. EOSA submits that there is no reason the Court cannot *both* remand a rule to the agency for reconsideration and further action—indeed, returning the rule to the agency has sometimes

---

[3] As also shown by the cases cited, sometimes the courts have remanded "the record," or even the "case," rather than the challenged agency rule—even though it is the rule, not the litigation challenging it, over which an executive branch agency has authority.

been viewed as a requisite step for the agency to take further action—*and* hold the case challenging that rule in abeyance while the agency process is ongoing. That course best protects the interest of petitioners like EOSA, which may want to pursue its challenge if EPA were to decide upon reconsideration to maintain its prior action in full or part. But if EPA rescinds or replaces the Sterilizer Rule, then the Court can dismiss this case as moot and stakeholders can challenge the new rule in a separate suit as needed.

In short, nothing is lost from remand with abeyance, and much is gained in terms of protecting all parties' interests while avoiding the expenditure of Court resources to decide issues that may be obviated by the new rulemaking process announced by EPA.

## CONCLUSION

For these reasons, EOSA respectfully requests that the Court grant EPA's motion to remand the Sterilizer Rule and hold this case in abeyance until EPA concludes the reconsideration rulemaking process.

Respectfully submitted,

/s/ Amanda Shafer Berman
Amanda Shafer Berman
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595
Phone: (202) 624-2500
Fax: (202) 628-5116

*Counsel for Petitioner*

DATED: March 31, 2025

# CERTIFICATE OF COMPLIANCE

The foregoing Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,854 words, excluding those parts exempted by Fed. R. App. P. 32(f).

This Response also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point, Times New Roman font.

<u>/s/ Amanda Shafer Berman</u>
Amanda Shafer Berman

DATED: March 31, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing response through the CM/ECF system, which will send a notice of filing to all registered CM/ECF users.

/s/ Amanda Shafer Berman
Amanda Shafer Berman

DATED: March 31, 2025